### SMITH et al. v. SEATTLE, L. S. & E. RY. CO.

*(Supreme Court, General Term, First Department.   November 30, 1891.)*

DISCOVERY—PRODUCTION OF CONTRACT—EVIDENCE.

Defendant agreed to pay plaintiffs a certain sum if they would secure the making of a contract by a responsible party for the building of defendant's road.   Plaintiffs procured such a contract to be made, and then brought an action to recover the agreed compensation for their services.   *Held*, that they were entitled to an order to compel defendant to produce and discover a duplicate of such contract in its possession, plaintiffs having no other means of showing the execution of such contract than by its production.

Appeal from special term, New York county.   Affirmed.

Action by Charles Smith and another against the Seattle, Lake Shore & Eastern Railway Company.   From an order directing a discovery of a contract defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and INGRAHAM, JJ.

*Hoadly, Lauterbach & Johnson,* (*Edgar M. Johnson,* of counsel,) for appellant.   *Carroll Sprigg* and *Gilbert D. Lamb,* for respondents.

INGRAHAM, J.   The complaint alleges that a contract was made between the plaintiffs and the defendant, whereby it was agreed that, if the plaintiffs succeeded within a reasonable time in securing the making of a contract with a responsible person or company to build defendant's road for a consideration therein named, the defendants would pay plaintiffs $150,000 in its first mortgage bonds; that plaintiffs procured such a contract to be made between the defendants and the firm of Jameson, Smith & Cotting, bankers and brokers in the city of New York.   It appears from the petition upon which this application was made that the said contract between the defendant and Jameson, Smith & Cotting was in writing, executed in duplicate, and that one of such originals was in possession of the defendant, and that no copy thereof was retained by or is in the possession of the plaintiffs.   To entitle plaintiffs to recover they must prove the execution of such contract.   The defendant admits that such a contract was made, and does not deny that it is in the possession of the company.   We think that the motion for the discovery of the contract was properly granted.   The contract must be proved by the plaintiffs on the trial.   It is therefore material evidence for the plaintiffs, and is in possession of the defendant.   Without this evidence plaintiffs cannot safely proceed to trial, and plaintiffs have no method of establishing the making of the contract except by its production.   There is no good reason to doubt the good faith of the application, and we think the order should be affirmed, with $10 costs and disbursements.   All concur.